UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DONALD J. BAYLIE,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Deputy Commissioner of Social Security for Operations,<br><br>Defendant. | NO. C17-5761-JPD<br><br><br><br>ORDER |

Plaintiff Donald J. Baylie appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner") that denied his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-33 and 1381-83f, after a hearing before an administrative law judge ("ALJ"). For the reasons set forth below, the Court REVERSES the Commissioner's decision and REMANDS for further administrative proceedings.

I. FACTS AND PROCEDURAL HISTORY

Plaintiff is a 52-year-old man with a high school diploma and training as a commercial truck driver. Administrative Record ("AR") at 40-41. His past work experience includes employment as a binder, temporary laborer, and transportation specialist. AR at 217. Plaintiff was last gainfully employed in September 2012. AR at 216.

ORDER - 1

In September and December 2013, respectively, Plaintiff applied for DIB and SSI, alleging an onset date of September 14, 2012.[1] AR at 69-70, 187-99. Plaintiff asserts that he is disabled due to a stroke, memory loss, stress, depression, physical issues, tiredness, nerve damage, and learning disabilities. AR at 215.

The Commissioner denied Plaintiff's applications initially and on reconsideration. AR at 125-28, 130-34. Plaintiff requested a hearing, which took place on January 28, 2016. AR at 36-68. On February 29, 2016, the ALJ issued a decision finding Plaintiff not disabled and denied benefits based on her finding that Plaintiff could perform a specific job existing in significant numbers in the national economy. AR at 16-30. Plaintiff's administrative appeal of the ALJ's decision was denied by the Appeals Council, AR at 1-6, making the ALJ's ruling the "final decision" of the Commissioner as that term is defined by 42 U.S.C. § 405(g). On September 21, 2017, Plaintiff timely filed the present action challenging the Commissioner's decision. Dkt. 1, 4.

## II. JURISDICTION

Jurisdiction to review the Commissioner's decision exists pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

## III. STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

---

[1] At the administrative hearing, Plaintiff amended his alleged onset date to September 14, 2013. AR at 67.

*Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## IV.     EVALUATING DISABILITY

As the claimant, Mr. Baylie bears the burden of proving that he is disabled within the meaning of the Social Security Act (the "Act"). *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (internal citations omitted). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant is disabled under the Act only if his impairments are of such severity that he is unable to do his previous work, and cannot, considering his age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act. *See* 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof during steps one through four. At step five, the burden shifts to the Commissioner. *Id.* If a claimant is found to be disabled at any step in the sequence, the inquiry ends without the need to consider subsequent steps. Step

one asks whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(b), 416.920(b).[2] If he is, disability benefits are denied. If he is not, the Commissioner proceeds to step two. At step two, the claimant must establish that he has one or more medically severe impairments, or combination of impairments, that limit his physical or mental ability to do basic work activities. If the claimant does not have such impairments, he is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant does have a severe impairment, the Commissioner moves to step three to determine whether the impairment meets or equals any of the listed impairments described in the regulations. 20 C.F.R. §§ 404.1520(d), 416.920(d). A claimant whose impairment meets or equals one of the listings for the required twelve-month duration requirement is disabled. *Id.*

When the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, the Commissioner must proceed to step four and evaluate the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). Here, the Commissioner evaluates the physical and mental demands of the claimant's past relevant work to determine whether he can still perform that work. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is able to perform his past relevant work, he is not disabled; if the opposite is true, then the burden shifts to the Commissioner at step five to show that the claimant can perform other work that exists in significant numbers in the national economy, taking into consideration the claimant's RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g); *Tackett*, 180 F.3d at 1099, 1100. If the Commissioner finds the claimant is unable to perform other work, then the claimant is found disabled and benefits may be awarded.

---

[2] Substantial gainful activity is work activity that is both substantial, i.e., involves significant physical and/or mental activities, and gainful, i.e., performed for profit. 20 C.F.R. § 404.1572.

ORDER - 4

## V. DECISION BELOW

On February 29, 2016, the ALJ issued a decision finding the following:

1. The claimant meets the insured status requirements of the Social Security Act through March 31, 2017.

2. The claimant has not engaged in substantial gainful activity since September 14, 2013, the amended alleged onset date.

3. The claimant has the following severe impairments: essential hypertension, gout, right should disorder, late effects of cerebrovascular disease, affective disorder, and cognitive disorder.

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he can frequently push and pull with his right upper and lower extremities. He can frequently reach with his right upper extremity. He can frequently, climb ramps and stairs, balance, and stoop, occasionally kneel, crouch, and crawl, and never climb ladders, ropes, and scaffolds. He can have occasional exposure to vibration, extreme head, fumes, odors dusts, gases, and poor ventilation. He should have no exposure to hazards, such as moving mechanical parts and unprotected heights. He is limited to performing simple, routine tasks, and making simple work-related decisions. He is limited to frequent interaction with coworkers and supervisors, and less than occasional interaction with the public. He is limited to tolerating only occasional changes in a routine work setting, such as changes in schedule and assigned supervisor.

6. The claimant is unable to perform any past relevant work.

7. The claimant was born on XXXXX, 1966, and was 48 years old, which is defined as a younger individual age 18-49, on the amended alleged disability onset date.[3]

8. The claimant has at least a high school education and is able to communicate in English.

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not

---

[3] The actual date is deleted in accordance with Local Rule CR 5.2, W.D. Washington.

the claimant has transferable job skills.

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

11. The claimant has not been under a disability, as defined in the Social Security Act, from September 14, 2013, through the date of this decision.

AR at 18-29.

## VI. ISSUES ON APPEAL

The principal issues on appeal are:

1. Whether the ALJ erred in discounting Plaintiff's subjective testimony;

2. Whether the ALJ erred in discounting Plaintiff's mother's statement; and

3. Whether the ALJ erred in assessing medical opinion evidence.

Dkt. 13 at 1.

## VII. DISCUSSION

A. <u>The ALJ erred in discounting Plaintiff's subjective testimony.</u>

1. *Legal standards*

As noted above, it is the province of the ALJ to determine what weight should be afforded to a claimant's testimony, and this determination will not be disturbed unless it is not supported by substantial evidence. A determination of whether to accept a claimant's subjective symptom testimony requires a two-step analysis. 20 C.F.R. §§ 404.1529, 416.929; *Smolen*, 80 F.3d at 1281. First, the ALJ must determine whether there is a medically determinable impairment that reasonably could be expected to cause the claimant's symptoms. 20 C.F.R. §§ 404.1529(b), 416.929(b); *Smolen*, 80 F.3d at 1281-82. Once a claimant produces medical evidence of an underlying impairment, the ALJ may not discredit the claimant's testimony as to the severity of symptoms solely because they are unsupported by objective

medical evidence. *Bunnell v. Sullivan*, 947 F.2d 341, 343 (9th Cir. 1991) (en banc); *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1988). Absent affirmative evidence showing that the claimant is malingering, the ALJ must provide "clear and convincing" reasons for rejecting the claimant's testimony.[4] *Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014) (citing *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012)). *See also Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007).

When evaluating a claimant's subjective symptom testimony, the ALJ must specifically identify what testimony is not credible and what evidence undermines the claimant's complaints; general findings are insufficient. *Smolen*, 80 F.3d at 1284; *Reddick*, 157 F.3d at 722. The ALJ may consider "ordinary techniques of credibility evaluation," including a claimant's reputation for truthfulness, inconsistencies in testimony or between testimony and conduct, daily activities, work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the alleged symptoms. *Thomas*, 278 F.3d at 958-59 (citing *Light v. Social Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997)).

2. *The ALJ did not provide legally sufficient reasons to discount Plaintiff's subjective statements*

The ALJ briefly described Plaintiff's subjective allegations, and indicated that she found his statements to be "not entirely credible[,]" but then went on to simply summarize the medical evidence supporting her RFC assessment, without explaining how or why this evidence undermined Plaintiff's allegations. AR at 21-26. To the extent that the ALJ's

---

[4] In Social Security Ruling ("SSR") 16-3p, the Social Security Administration rescinded SSR 96-7p, eliminated the term "credibility" from its sub-regulatory policy, clarified that "subjective symptom evaluation is not an examination of an individual's character[,]" and indicated it would more "more closely follow [its] regulatory language regarding symptom evaluation." SSR 16-3p. However, this change is effective March 28, 2016, and not applicable to the February 2016 ALJ decision in this case. The Court, moreover, continues to cite to relevant case law utilizing the term credibility.

ORDER - 7

summary of the medical evidence could be construed as a finding that Plaintiff's testimony was not supported by the medical evidence, this reason is not sufficient to solely support the ALJ's rejection of Plaintiff's testimony. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) ("While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects."). The ALJ's decision does not contain sufficiently specific reasoning to support the ALJ's assessment of Plaintiff's testimony. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2015) (finding an ALJ's assessment of a claimant's testimony to be erroneous where the ALJ "simply stated her non-credibility conclusion that then summarized the medical evidence supporting her RFC determination").

On remand, the ALJ shall reconsider Plaintiff's testimony, and either credit it, or provide legally sufficient reasons to discount it.

B.  <u>The ALJ erred in discounting Plaintiff's mother's statement.</u>

1.  *Legal standards*

In order to determine whether a claimant is disabled, an ALJ may consider lay-witness sources, such as testimony by nurse practitioners, physicians' assistants, and counselors, as well as "non-medical" sources, such as spouses, parents, siblings, and friends. *See* 20 C.F.R. § 404.1527(f). Such testimony regarding a claimant's symptoms or how an impairment affects his/her ability to work is competent evidence, and cannot be disregarded without comment. *Dodrill v. Shalala*, 12 F.3d 915, 918-19 (9th Cir. 1993). If an ALJ chooses to discount testimony of a lay witness, he must provide "reasons that are germane to each witness," and may not simply categorically discredit the testimony. *Dodrill,* 12 F.3d at 919.

//

2. *Consistent with the RFC assessment*

The ALJ found that a form statement (AR at 243-50) written by Plaintiff's mother, Lorraine Spreadborough, did not describe any limitations inconsistent with her RFC assessment. AR at 28. The ALJ is mistaken: Ms. Spreadborough stated that Plaintiff frequently sleeps during the daytime, and that he requires the use of a cane or crutches when he has a flare of gout. AR at 244, 249. These limitations were not mentioned or accommodated in the ALJ's RFC assessment. *See* AR at 20.

The ALJ also stated generally that the medical evidence did not support the degree of limitation described by Ms. Spreadborough, but did not identify any particular discrepancy. AR at 28. Particularly because the ALJ also found that Ms. Spreadborough's statement was consistent with the RFC assessment, a general finding that her statement is unsupported by the medical evidence is not a persuasive reason to discount it.

Because the ALJ failed to provide legally sufficient reasons to discount Ms. Spreadborough's statement, the ALJ shall reconsider it on remand.

C. <u>The ALJ did not err in assessing medical opinion evidence.</u>

1. *Legal standards*

As a matter of law, more weight is given to a treating physician's opinion than to that of a non-treating physician because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." *Magallanes*, 881 F.2d at 751; *see also Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). A treating physician's opinion, however, is not necessarily conclusive as to either a physical condition or the ultimate issue of disability, and can be rejected, whether or not that opinion is contradicted. *Magallanes*, 881 F.2d at 751. If an ALJ rejects the opinion of a treating or examining physician, the ALJ must give clear and convincing reasons for doing so if the opinion is not contradicted by other

evidence, and specific and legitimate reasons if it is. *Reddick*, 157 F.3d at 725. "This can be done by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* (citing *Magallanes*, 881 F.2d at 751). The ALJ must do more than merely state his/her conclusions. "He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Id.* (citing *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)). Such conclusions must at all times be supported by substantial evidence. *Reddick*, 157 F.3d at 725.

The opinions of examining physicians are to be given more weight than non-examining physicians. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Like treating physicians, the uncontradicted opinions of examining physicians may not be rejected without clear and convincing evidence. *Id.* An ALJ may reject the controverted opinions of an examining physician only by providing specific and legitimate reasons that are supported by the record. *Bayliss,* 427 F.3d at 1216.

Opinions from non-examining medical sources are to be given less weight than treating or examining doctors. *Lester*, 81 F.3d at 831. However, an ALJ must always evaluate the opinions from such sources and may not simply ignore them. In other words, an ALJ must evaluate the opinion of a non-examining source and explain the weight given to it. SSR 96-6p, 1996 WL 374180, at *2. Although an ALJ generally gives more weight to an examining doctor's opinion than to a non-examining doctor's opinion, a non-examining doctor's opinion may nonetheless constitute substantial evidence if it is consistent with other independent evidence in the record. *Thomas*, 278 F.3d at 957; *Orn*, 495 F.3d at 632-33.

2. *Stephanie Richards, M.D.*

Dr. Richards examined Plaintiff in December 2014 and opined that his limitations caused by his stroke, gout, and fatigue restricted him to sedentary work. AR at 443-49. The

ALJ noted that Dr. Richards' opinion fails to identify any objective medical evidence that supports her opinion, and that she did not address any postural, manipulative, or environmental limitations. AR at 27. The ALJ also cited evidence that Plaintiff had normal strength in his extremities. *Id*. (referencing AR at 428, 817).

Dr. Richards' failure to refer to any objective support for her opinion is a specific, legitimate reason to discount her opinion. Dr. Richards left multiple sections of the opinion report blank, and her accompanying notes did not indicate how she reached her conclusions regarding Plaintiff's exertional limitations. AR at 443-49. The ALJ did not err in citing this reason as a basis for discounting Dr. Richards' opinion. *See Thomas*, 278 F.3d at 957 ("The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings.").

3. *Peter Weiss, Ph.D.*

Dr. Weiss examined Plaintiff in June 2015 and completed a DSHS form opinion as well as a narrative report, describing Plaintiff's symptoms and limitations. AR at 803-10. The ALJ gave "partial weight" to Dr. Weiss's opinion, rejecting his opinion that Plaintiff had any severe functional limitations as unsupported by any "medical evidence" (including Dr. Weiss's own report), but crediting his opinion that Plaintiff had moderate limitations related to communication, learning new tasks, and maintaining appropriate behavior. AR at 26.

Plaintiff contends that the ALJ's reasoning does not accurately describe the record, specifically Dr. Weiss's narrative report. Dkt. 13 at 11. But Dr. Weiss's narrative report does not reference severe limitations pertaining to the categories in which Dr. Weiss found Plaintiff to be severely limited; instead, he concluded that Plaintiff was moderately limited as to executive functioning and had below-average processing speed. *Compare* AR at 805 *with* AR at 810. The ALJ did not err in discounting Dr. Weiss's opinion regarding severe limitations as

unsupported by clinical findings. *See Thomas*, 278 F.3d at 957 ("The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings.").

  4.  *Todd Bowerly, Ph.D.*

Dr. Bowerly examined Plaintiff in February 2014 and wrote a narrative report. AR at 407-13. Dr. Bowerly's medical source statements reads as follows, in its entirety:

> Mr. Baylie demonstrates adequate understanding and reasoning. He has variable attention/concentration and variable memory functioning likely secondary to the influence of pain, fatigue and depression. There are limitations in persistence, social functioning and adaptive functionary functioning secondary to moderate depressive disorder.

AR at 413. The ALJ found that Dr. Bowerly's opinion is "persuasive evidence that the claimant possesses the ability to perform simple, routine task and make simple work-related decisions." AR at 25.

Plaintiff argues that the ALJ ignored Dr. Bowerly's opinion regarding variable attention/concentration and pace (AR at 411, 413), which was in conflict with the ALJ's finding that Plaintiff could perform simple, routine tasks. Dkt. 13 at 13. But this is not necessarily true: Dr. Bowerly described some attention/concentration and pace limitations, but did not indicate that these limitations were so severe as to preclude completion of simple, routine tasks. In fact, Dr. Bowerly highlighted that Plaintiff was able to spell "world" backward and forward, follow a three-step command, and follow the flow of conversation reasonably well. AR at 410. Even if the ALJ's RFC assessment is not identical to Dr. Bowerly's opinion, it includes limitations consistent with Dr. Bowerly's opinion and is therefore not erroneous. *See Turner v. Comm'r of Social Sec. Admin.*, 613 F.3d 1217, 1223 (9th Cir. 2010) (holding that an ALJ need not provide reason for rejecting physician's opinions where ALJ incorporated opinions into RFC; ALJ incorporated opinions by assessing RFC

ORDER - 12

limitations "entirely consistent" with limitations assessed by physician).

     5.    *Julia Wong-Ngan, Ph.D.*

Dr. Wong-Ngan conducted a neuropsychological examination of Plaintiff in January 2013 and wrote a narrative report describing his symptoms and limitations. AR at 514-20. She opined that Plaintiff's cognitive limitations "would not preclude employment, and would not likely qualify him for disability benefits." AR at 519. Dr. Wong-Ngan also wrote that she believed Plaintiff "is somewhat self-defeating and vulnerable to spiraling down emotionally." AR at 520. The ALJ cited Dr. Wong-Ngan's objective testing as "strong persuasive evidence that the claimant's stroke did not result in disabling cognitive limitations." AR at 22.

Plaintiff argues that the ALJ erred in failing to provide any reason to reject Dr. Wong-Ngan's documentation of "moderately to severely slow" mental tracking and speed. AR at 519. But Dr. Wong-Ngan herself indicated that this limitation would not preclude employment, and the ALJ did restrict Plaintiff to performing simple, routine tasks. The ALJ's RFC assessment is not necessarily inconsistent with Dr. Wong-Ngan's opinion, and thus Plaintiff has failed to establish that the ALJ erroneously failed to account for the credited opinion. *See Turner*, 613 F.3d at 1223 (holding that ALJ incorporated opinions by assessing RFC limitations "entirely consistent" with limitations assessed by physician).

//
//
//
//
//
//
//

## VIII. CONCLUSION

For the foregoing reasons, the Court REVERSES the ALJ's decision and REMANDS this case to the Commissioner for further proceedings not inconsistent with the Court's instructions. On remand, the ALJ shall reconsider Plaintiff's subjective statements and Ms. Spreadborough's statement.

DATED this 23rd day of July, 2018.

*James P. Donohue*
JAMES P. DONOHUE
United States Magistrate Judge