UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DONALD BAYLIE,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　　　　Defendant. | Case No. C17-5761-MLP<br><br>ORDER |

　　Currently pending before the Court is Plaintiff's Motion for Reconsideration of the Court's Minute Order denying Plaintiff's Motion for Attorney's Fees pursuant to 42 U.S.C. § 406(b). (Dkt. ## 21, 23-24.) The Court previously denied Plaintiff's Motion for Attorney's Fees because Plaintiff failed to submit documentation clearly demonstrating the $6,500.00 requested was a reasonable fee up to 25 percent of the past-due benefits awarded in this matter. (*See* dkt. ## 21, 23.)

　　Pursuant to 42 U.S.C. § 406(b)(1)(A), a court may award a "reasonable" attorney fee not in excess of 25% of past-due benefits in payment for an attorney's representation of a social security claimant before the Court. In *Gisbrecht v. Barnhart*, the Supreme Court set forth the method and framework for calculating a fee under Section 406(b). 535 U.S. 789, 793 (2002); *see*

ORDER - 1

1  *also Crawford v. Astrue*, 586 F.3d 1142, 1148 (9th Cir. 2009). Under *Gisbrecht*, the Court is

2  required to provide an "independent check" to assure that the fee requested is reasonable in each

3  particular case. *Id.* at 807.

4        Under Local Rule 7(h)(1), motions for reconsideration are generally disfavored in this

5  Court, and the Court will ordinarily deny such motions where new facts or legal authority could

6  have been brought to its attention earlier with reasonable diligence. Here, Plaintiff's Motion for

7  Reconsideration now presents facts demonstrating the $6,500 requested was a reasonable fee up

8  to 25 percent of the past-due benefits awarded in this matter. The newly added information

9  details that:

> The second exhibit, referenced as Exhibit B in Plaintiff's motion was the Social Security Notice dated June 8, 2020, indicating that SSA was withholding $16,444.50 for attorney fees. The SSA Notice is not a Notice of Award, as is often submitted in these cases. The undersigned did not receive a Notice of Award. The Plaintiff has indicated that he did not receive one either, despite his requests to SSA. Nevertheless, the amount of the back award can be inferred from the SSA notice that was received and submitted. The notice indicates that $16,444.55 was being withheld after Plaintiff's administrative level attorney was paid $6,000.00. That means that $22,444.55 ($16,444.55 + $6,000.00) was withheld for attorney fees. Since SSA withholds exactly 25% of the claimant's past due benefits for attorney fees, then $22,444.55 represented 25% of past due benefits in this case. From that, it is possible to ascertain that the Plaintiff's past due benefits were $89,778.20 (4 x $22,444.55).

(Dkt. # 24 at 3-4.) The above-referenced information and calculation were both

previously omitted in Plaintiff's Motion for Attorney's Fees.[1] (*See* dkt. # 21 at 2-6.)

---

[1] Plaintiff additionally acknowledges in their Motion for Reconsideration that inaccurate hours spent on civil litigation were initially submitted to the Court in the Motion for Attorney's Fees. (Dkt. # 24 at 4.) Plaintiff's Motion for Attorney Fees indicated Plaintiff's attorney spent a total of 25.9 hours on the civil litigation. (Dkt. # 21 at 6.) However, Plaintiff's attached exhibit to its Motion reflects only 16 hours were spent, totaling a fee of $2,985.84. (Dkt. # 21-6 at 1-2.) On October 30, 2018, the Honorable James A. Donohue awarded attorney's fees of $2,985.84 pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d), to Plaintiff's attorney. (Dkt. # 20.)

ORDER - 2

1  Therefore, it was not readily discernible to the Court whether Plaintiff's request was a
2  reasonable fee up to 25 percent of the past-due benefits awarded in this matter. (*Id.*)
3        Despite Plaintiff's failure to submit the omitted information in Plaintiff's Motion for
4  Attorney's Fees, Plaintiff's Motion for Reconsideration is GRANTED. The Court, having
5  considered Plaintiff's Motion for Reconsideration, Plaintiff's Motion for Attorney's Fees
6  pursuant to 42 U.S.C. § 406(b), the supporting documents, as well as Defendant's lack of
7  opposition, hereby ORDERS that Plaintiff's attorney Victoria Chhagan is awarded $6,500.00
8  pursuant to 42 U.S.C. § 406(b), less any applicable administrative assessment pursuant to 42
9  U.S.C. 406(d). Such funds shall be made payable to: Victoria Chhagan, 1904 3rd Ave., Suite
10 1030, Seattle, Washington 98101.

12       Dated this 12th day of August, 2020.

*[signature]*

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 3